# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DOYLE HEARD,**

    Petitioner,

vs.                                                                       Case No. 4:06cv193-WS/WCS

**JAMES McDONOUGH, et al.,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner's application to proceed in forma pauperis, doc. 2, is granted by separate order.

In his § 2254 petition, Petitioner asserts an ex post facto violation in the calculation of his gain time and conversion of previously awarded gain time credit. Doc. 1, p. 4. In a related claim, Petitioner claims that a gain time forfeiture statute was retroactively applied to cancel his gain time following violation of parole. *Id.*, p. 5-B. Petitioner asserts that equal protection requires that he be awarded gain time credit pursuant to Waldrup v. Dugger, 562 So.2d 687 (1990). *Id.*, p. 4. Petitioner claims a

violation of the prohibition against slavery, as "Respondents mandate credit only for 'work / labor' and only one (1) day." *Id.*, p. 5.  Petitioner claims a denial of substantive and procedural due process in the cancellation of gain time.  *Id.*   For relief, Petitioner seeks recalculation of gain time as prescribed by Waldrup, which he claims would result in immediate release.  *Id.*, p. 6.

Petitioner was denied § 2254 relief with regard to the calculation of his gain time under Waldrup, cancellation of gain time credit, and revocation of parole.  3:04cv212-RV/MD, docs. 27, 29 and 30 (report and recommendation as adopted, and judgment entered on March 3, 2005).[1]  He was denied § 2254 relief with regard to the rescission of his parole date.  3:04cv222-LC/MD, docs. 27, 30, and 31 (report and

---

[1] As discussed in that case, Petitioner was sentenced in 1981, released to parole which was ultimately revoked, with none of the time spent on parole credited.  Doc. 27 of that file (report and recommendation), p. 2.  The Department of Corrections forfeited 5880 days of basic gain time and 2460 days incentive gain time Petitioner earned prior to his release on parole.  *Id.*  The court noted that, consistent with Waldrup, Petitioner was earning incentive gain time under the pre-1983 version of the statute, and basic gain time under the 1983 version of the statute (which was more generous than the pre-1983 statute).  *Id.*, p. 12.  Petitioner was entitled to earn one day of incentive gain time for each full day of labor, plus one to six days additional incentive gain time per month based on other factors.  *Id.*  He was entitled to basic gain time of ten days a month.  *Id.*, pp. 12-13.  The record reflected that the DOC did apply the correct formula (awarding incentive gain time under pre 1983 law), and the court rejected Petitioner's claim of entitlement to *all* potentially available gain time as a matter of law.  *Id.*, pp. 13-14.  While Petitioner asserted various constitutional claims as to his gain time only the Ex Post Facto Clause was implicated, and no violation was shown.  *Id.*, p. 15.  The court rejected Petitioner's claim that the DOC improperly cancelled provisional credits; there was no ex post facto violation as provisional credits did not exist when Petitioner was convicted in 1981.  *Id.*, p. 16.  Finally, the court found no due process violation in the revocation of Petitioner's parole.  *Id.*, pp. 17-18.

Case No. 4:06cv193-WS/WCS

recommendation as adopted and judgment entered on April 26, 2005).[2]  Petitioner did not appeal in either of those cases.

A claim raised in a second or successive § 2254 petition that was presented in a prior petition shall be dismissed, and a claim which was not presented in a prior petition shall be dismissed unless certain conditions are satisfied.  28 U.S.C. § 2244(b)(2).  However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  § 2244(b)(3)(A).  *See also* § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

This is a second or successive § 2254 petition which should be summarily dismissed.  Petitioner has not obtained authorization for filing, and the court lacks jurisdiction to consider his second or successive § 2254 petition.  Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.), *cert. denied*, 542 U.S. 958 (2004) (district court lacked jurisdiction to entertain second or successive petition as petition had not obtained

---

[2] The court found that, under Florida law, a rescission hearing was required only after an effective parole release date (EPRD) had been granted.  Doc. 27 of that file (report and recommendation), p. 6.  Petitioner had received a presumptive parole release date (PPRD) and an EPRD interview, but had not been granted an EPRD.  *Id.*, pp. 6-8.  The court found no liberty interest protected by state or federal law and a rescission hearing was not required.  *Id.*, pp. 7-8.  The court also rejected Petitioner's claim that the state court should not have charged a filing fee for his habeas corpus petition.  *Id.*, p. 8.

authorization for filing it); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.1997), *cert. denied*, 520 U.S. 120 (1997) (same).

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 1) be **SUMMARILY DISMISSED** as authorization for filing a second or successive petition has not been granted by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2006.


       S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**